# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                          CASES NO. 5:15cr25-RH/EMT
                                                        5:17cv16-RH/EMT

JAMES CURTIS GRANT,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant James Curtis Grant has moved for relief under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). This order denies the motion.

I

*Johnson* addressed the armed career criminal act, 18 U.S.C. § 924(e). The act applies to a defendant who is convicted of possessing a firearm as a convicted felon and who has three or more prior convictions of a violent felony or serious drug offense. *Johnson* held unconstitutionally vague part of the definition of a violent felony—the part sometimes referred to as the "residual clause."

Mr. Grant pleaded guilty to three offenses: a drug conspiracy, possessing a firearm in furtherance of the drug offense in violation of 18 U.S.C. § 924(c), and possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). He was sentenced in February 2016 based on the career-offender guideline. *See* U.S. Sentencing Guidelines Manual § 4B1.1 (2015). The sentence was 360 months, the low end of the guideline range, on the drug offense; 120 months, the statutory maximum, on the 922(g) offense, to be served concurrently; and 60 months consecutive, the statutory minimum, on the 924(c) offense. Mr. Grant was not treated as an armed career criminal under § 924(e).

In short, *Johnson* does not apply to Mr. Grant's conviction or sentence. He is not entitled to relief.

## II

Mr. Grant was treated as a career offender under United States Sentencing Guidelines Manual § 4B1.1. A career offender must have at least two prior convictions of a crime of violence or drug trafficking offense. The definition of a crime of violence is set out in § 4B1.2. At the time of sentencing, the definition included a residual clause similar to the one that *Johnson* held unconstitutional.

This does not entitle Mr. Grant to relief. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the vagueness principle underlying

*Johnson* does not apply to the Sentencing Guidelines. Applying the career-offender residual clause to Mr. Grant was not unconstitutional.

### III

United States Sentencing Guidelines Amendment 798 has changed the career-offender definition of a crime of violence to eliminate the residual clause. If Mr. Grant was sentenced today, he would not be treated as a career offender. But Mr. Grant's sentence cannot be changed based on Amendment 798.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed," subject to specific exceptions. The only exception dealing with guideline amendments provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

*Id.* § 3582(c)(2) (emphasis added).

The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in United States Sentencing Guidelines Manual § 1B1.10. That section lists the amendments that may be applied retroactively—that is, the amendments under which a court may reduce a sentence that has already been imposed.

The Commission has not added Amendment 798 to the list of retroactive amendments. A court thus may not reduce a sentence under Amendment 798.

## IV

Mr. Grant asserts that he has a constitutional right to application of the new guideline—that is, to a sentence reduction based on Amendment 798. That is incorrect. There is "no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments." *Dillon v. United States*, 560 U.S. 817, 828 (2010); *see also United States v. Johnson*, 703 F.3d 464, 469 (8th Cir. 2013).

## V

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Grant has not made the required showing. This order thus denies a certificate of appealability. If Mr. Grant wishes to be heard further on the certificate-of-appealability issue, he may move for a certificate of appealability, and the issue will be reconsidered de novo.

## VI

For these reasons,

IT IS ORDERED:

1. The motion for relief under 28 U.S.C. § 2255, ECF No. 277, is denied.

2. A certificate of appealability is denied.

SO ORDERED on June 19, 2018.

s/Robert L. Hinkle
United States District Judge