IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 5:15cr25-RH/EMT
    5:17cv16-RH/EMT

JAMES CURTIS GRANT,

    Defendant.

_____/

**ORDER DENYING THE MOTION TO
ALTER OR AMEND THE ORDER
DENYING THE § 2255 MOTION**

The defendant James Curtis Grant moved for relief under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* addressed the armed career criminal act, 18 U.S.C. § 924(e). The act applies to a defendant who is convicted of possessing a firearm as a convicted felon and who has three or more prior convictions of a violent felony or serious drug offense. *Johnson* held unconstitutionally vague part of the definition of a violent felony—the part sometimes referred to as the "residual clause."

The order of June 19, 2018 denied the motion. As set out there, Mr. Grant was not treated as an armed career criminal under § 924(e), so *Johnson* did not

apply to him. Mr. Grant was treated as a career offender under United States Sentencing Guidelines Manual § 4B1.1 (2015), which had a residual clause that tracked the one held unconstitutional in *Johnson*. But in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the vagueness principle underlying *Johnson* does not apply to the Sentencing Guidelines. Applying the career-offender residual clause to Mr. Grant was not unconstitutional.

Mr. Grant has moved to alter or amend the June 19 order. He seems to say the guideline amendment that deleted the career-offender residual clause took effect before he was sentenced. It did not. Mr. Grant was a career offender under the Guidelines Manual in effect when he was sentenced. His guideline range was properly calculated. The June 19 order properly denied relief.

As it turns out, there is more to the story. The motion to alter or amend prompted another look at the case. Mr. Grant's base offense level was determined not under the career-offender guideline but under the drug guideline, because the drug guideline produced a higher base offense level. The base offense level under Guidelines Manual § 2D1.1 was 42, and with a three-level reduction for acceptance of responsibility, the total offense level was 39. The career-offender treatment had no effect on the offense level. The career-offender treatment did, however, affect the criminal history category. Mr. Grant had nine criminal history

points and would have been category IV. But as a career offender, the criminal history category was VI.

Even so, the guideline range was the same. The range for total offense level 39, criminal history category IV, is 360 months to life. The range for total offense level 39, criminal history category VI, is the same: 360 months to life. Because Mr. Grant was also convicted under 18 U.S.C. § 924(c), which carries a mandatory five-year consecutive sentence, the combined range was 420 months to life. That range would apply if Mr. Grant was sentenced again today. In short, if Mr. Grant was sentenced again today, he would not be a career offender, but his guideline range would be the same, and so would his sentence.

Indeed, at the time of Mr. Grant's sentencing, I was aware of the forthcoming amendment deleting the residual clause for career offenders. The Statement of Reasons explicitly noted this. ECF No. 215 at 1, ¶ I.B.3. Had the guideline amendment made a difference, I would have given Mr. Grant the benefit of the doubt, sentencing him in accordance with the to-be-amended guideline and thus avoiding unwarranted sentence disparity. I routinely did this in the period before the amendment took effect. For Mr. Grant, it did not make a difference.

A judgment was not entered based on the June 19 order. To avoid any issue about whether the decision is final, this order directs the clerk to enter a judgment.

This order again denies a certificate of appealability for the reasons set out in the June 19 order.

For these reasons,

IT IS ORDERED:

1. The motion to alter or amend, ECF No. 309, is denied.

2. The clerk must enter a judgment stating, "The motion for relief under 28 U.S.C. § 2255 is denied."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on July 30, 2018.

s/Robert L. Hinkle  
United States District Judge